Affirmed and Memorandum Majority and Memorandum Concurring Opinions
filed November 25, 2008








Affirmed
and Memorandum Majority and Memorandum Concurring Opinions filed November 25,
2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00327-CR

____________

 

ERICA LOURDES SEDENO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 7

Harris County, Texas

Trial Court Cause No. 1385835

 



 

M E M O R A N D U M   C O N C U R R I N G   O P I N I O N








In her second issue, appellant argues the trial court erred
when it prohibited appellant from admitting evidence from the National Highway
Traffic Safety Administration (ANHTSA@) manual that the
Horizontal Gaze Nystagmus (AHGN@) test was only
77% accurate in predicting intoxication and not completely accurate as the
State led the jury to believe.  The majority concludes that the trial court did
not abuse its discretion in impliedly determining that allowing the jury to
hear this information would not impair the effective presentation of the
evidence, unduly delay the proceedings, or risk confusion of this issues.[1] 
Rather than basing its conclusion on this analysis, the court should instead
hold that the trial court did not abuse its discretion because it had before it
evidence that the 77% accuracy figure in the manual applies to states whose
definition of intoxication includes a blood-alcohol concentration of 0.10;
whereas, under applicable Texas law, the definition of intoxication includes a
blood-alcohol concentration of 0.08.  Though the officer denied knowing the
accuracy for tests with a 0.08 level of blood-alcohol concentration, he
indicated that such tests yield an even higher average for accuracy than tests
based on a 0.10 blood-alcohol concentration.  For this reason, the trial court
did not abuse its discretion in excluding this evidence.  

In addition, if, as the majority states in the alternative,
the trial court had abused its discretion by excluding this evidence, testimony
that the test is only 77% accurate is not equivalent to testimony that the test
is less than 100% accurate.  So, this error would not be harmless on that
basis.

For these reasons, I do not join in the court=s analysis, but I
respectfully concur in the court=s judgment.

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment
rendered and Memorandum Majority and Memorandum Concurring Opinions filed
November 25, 2008.

Panel
consists of Justices Anderson, Frost, and Senior Justice Hudson.*  (Anderson, J., majority).

Do Not
Publish C Tex. R. App. P. 47.2(b).









[1]  See ante
at p.8.





*  Senior Justice J. Harvey Hudson sitting by
assignment.